James N. WOODS, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary
of Veterans Affairs, Appellee.

No. 90–1105.

United States Court of Veterans Appeals.

Oct. 21, 1992.

James N. Woods, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael R. Smalls, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, James N. Woods, appeals a June 19, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for psoriatic arthritis. This Court vacates the decision of the BVA and remands for further adjudication consistent with this opinion.

Appellant has recognized military service from January 1958 to January 1961. While in the service, he was treated for cellulitis

(diffuse and especially subcutaneous inflammation of connective tissue). This condition was not noted on his separation exam. In October 1973, appellant was examined by a private physician who made a diagnosis of arthritis. On March 20, 1986, he was diagnosed with psoriasis. On April 3, 1986, he was diagnosed with psoriatic arthritis. Appellant made his original claim for service connection for psoriasis and psoriatic arthritis on June 12, 1986. The Veterans' Administration (now Department of Veterans Affairs) (VA) denied service connection, stating that continuity for the claimed conditions of the disease had not been established by the evidence.

Appellant obtained a letter, dated April 1987, from a private physician, Dr. Sidney Block, suggesting that since both of appellant's hands were affected, the cellulitis was not an infection, "but *could have* represented a more systemic problem, i.e., the onset of psoriatic arthritis" (emphasis added). Dr. Block stated that he had reviewed appellant's service medical records (SMRs). A BVA decision on March 15, 1988, found that the cellulitis identified during the veteran's service was not found on the separation examination, was therefore acute and transitory, and was resolved without any residual disability. The BVA considered Dr. Block's letter, but stated that contrary to Dr. Block's belief that the cellulitis involved both hands, the SMRs showed only the right hand was involved.

Appellant consulted a VA physician, Dr. Ohlier, who found that it was "very obvious" that the appellant had psoriasis of the scalp while in military service. Another private physician, Dr. Maycock, reviewed appellant's medical records and found, on the basis of the cellulitis, that it was "quite likely" that the onset of his psoriatic arthritis was in 1960 while appellant was in the military. Based on these two physicians' opinions, appellant sought to reopen his claim. The VA Regional Office (RO) denied the claim, stating that no new and material evidence had been provided. The BVA issued a decision on June 19, 1990, finding that neither the clinical evidence of record nor the doctors' reports provided a reasonable basis to conclude that appellant's current arthritic disorder was related to cellulitis treated in service.

## ANALYSIS

When a veteran seeks to reopen a claim, the BVA must perform a two-step analysis. *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, the BVA must determine whether the evidence is "new and material." *Id.;* 38 U.S.C. § 5108 (formerly § 3008). Second, if the BVA determines that "new and material" evidence has been produced, then the case is reopened and the BVA "must evaluate the merits of the claim in light of *all* evidence, both new and old." *Manio* at 145 (citing *Reinhart v. Schweiker,* 590 F.Supp. 78, 80 (W.D.Mich. 1984)). In the "Discussion and Evaluation" portion of the BVA opinion, the BVA states that the evidence before the Board consisted of x-rays of appellant's hands from June and September 1988, letters from private physicians, and a transcript of an RO hearing conducted in March 1989. The BVA did not consider appellant's service medical records in light of this new evidence. Further, the BVA failed to address the issue of whether the cellulitis existed in both hands or only the right hand during service. An entry in appellant's SMRs indicates that there may have been a diagnosis of early cellulitis of the left hand (R. at 18).

It does appear that the Board did, in fact, find the "new" evidence to be material and did reopen the case, albeit after doing so it reviewed only the new evidence in adjudicating the reopened case. This Court's decision in *Manio* requires that, after reopening, the new evidence has to be reviewed in the context of all the evidence, both new and old. Furthermore, after reopening the claim, the BVA summarily rejected the new medical evidence as "not in accord with sound medical principles." That very well may be the correct conclusion, but if so there must be independent medical evidence to support it. The BVA decision does not cite independent medical evidence of record. *See Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). "The BVA is free to supplement the record by seeking an advisory opinion, ordering a medical ex-

amination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Id.* at 175 (citing *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990)); *Hatlestad v. Derwinski,* 3 Vet.App. 213, 217 (1992) ("Board should henceforth include in its decision quotations from medical treatises (rather than bare citations)"); *see also* 38 U.S.C. § 7109 (formerly § 4009). The Board must state the reasons for its contrary conclusion and point to a medical basis to substantiate its opinion.

The decision of the Board is VACATED and REMANDED for adjudication consistent with this opinion.